IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHRUTI KHOKHA and** <br> **VIKAS VIJAYKUMAR KHOKHA**, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. CITIZENSHIP AND** <br> **IMMIGRATION SERVICES and** <br> **KIRT THOMPSON,** in his official <br> capacity as Director of the Texas <br> Service Center, <br><br> Defendants. | §§§§§§§§§§§§§§§ | Civil Action No. **3:21-CV-2577-L** |

## MEMORANDUM OPINION ORDER

Before the court is Plaintiffs' Motion for an Emergency Motion for Temporary Restraining Order under the All Writs Act, 28 U.S.C. § 1651(a) ("Motion") (Doc. 2), filed October 19, 2021. After considering the Motion, Plaintiffs' Complaint, the parties' briefs and evidence, and applicable law, the court determines that it lacks subject matter jurisdiction over Plaintiffs' claims and the relief sought by them in connection with their immigration applications pending before the United States Citizenship and Immigration Services ("USCIS"). The court, therefore, *sua sponte* **dismisses without prejudice** this action for lack of jurisdiction and declines to address Plaintiff's Motion (Doc. 2), as it has no authority to do so.

**I.     Background**

On October 19, 2021, Plaintiffs Shruti Khokha and Vikas Vijaykumar Khokha ("Plaintiffs") filed this action and their Motion. Plaintiffs brought this action against the USCIS and Kirt Thompson, the Director of the Texas Service Center, ("Defendants"), where Plaintiffs' current immigration applications were filed and are pending. Plaintiffs contend that Defendants

**Memorandum Opinion and Order – Page 1**

violated the Administrative Procedure Act ("APA") by unreasonably delaying the processing of their I-485 immigration applications (Counts 1 and 2). Plaintiffs, therefore, seek a Writ of Mandamus (Count 3) or order, pursuant to the Declaratory Judgment Act ("DJA"), compelling the USCIS to process by November 1, 2021, their applications that were filed twelve months ago on October 30, 2020.

For similar reasons, Plaintiffs contend that they are entitled to injunctive relief in the form of an emergency temporary restraining order ("TRO") before November 1, 2021:

> Before November 1, 2021, Plaintiffs respectfully request[] this Court to order relief under the All Writs Act to maintain the status quo and preserve the Court's jurisdiction. This emergency request is the result of the October 14, 2021, announcement that priority dates—the date at which an individual is eligible for permanent residency based on applications filed years ago—for Indian citizens will be retrogressing from January 1, 2014 for EB-3 applicants to January 15, 2012. Absent this Court's intervention, Plaintiffs will be thrust into an indefinite, but undeniably long delay in Plaintiffs' applications for permanent residency being granted. Indeed, while it is impossible to predict with certainty when Plaintiff[s'] priority date will once again be current, in 2007, when a major retrogression in employment-based visa priority dates occurred, it took over 9 years for the priority dates for those individuals who filed in June 2007 to become current again. Plaintiffs have paid the requisite $1,225 each to U.S. Citizenship and Immigration Services (USCIS), attended their required biometrics appointment, and their application is ripe for adjudication. Starting November 1, 2021, however, Plaintiff[s'] application will be thrust into a backlog that may take decades to clear.

Pls.' Mem. 2 (Doc. 3) (footnote omitted).

In a recent action, Civil Action No. 3:21-CV-2336-N, Plaintiffs sought similar injunctive relief before October 1, 2021, but they elected to dismiss without prejudice that action on October 19, 2021, after briefing on the motion for injunctive relief was complete. They then filed this immigration case the same day seeking injunctive relief before November 1, 2021. In their Complaint, Plaintiffs allege that, on October 14, 2021, the United States Department of State published a November 2021 Visa Bulletin indicating that applications will be subject to years of additional delay if not adjudicated by October 31, 2021. Plaintiffs assert that this Bulletin

**Memorandum Opinion and Order – Page 2**

prompted them to file this action to obtain: (1) a determination from the court that the USCIS has unreasonably delayed in processing their I-485 applications for adjustment of status in violation of the APA; and (2) mandamus relief requiring the USCIS to immediately adjudicate their applications no later than October 31, 2021.  Alternatively, Plaintiffs request equitable relief in the form of an order requiring the USCIS "to 'hold' a visa number for Plaintiffs beyond the scheduled November 1, 2021 retrogression to allow adjudication of [their] applications after October 31, 2021[,] notwithstanding the retrogression."  Pls.' Compl. 21.  Except for the deadline by which Plaintiffs seek relief, the relief sought (expedited consideration of their applications) and the basis for the relief sought (unreasonable delay in processing their immigration applications) is the same.

On October 29, 2021, Defendants filed their response in opposition to Plaintiffs' Motion, to which Plaintiffs replied on November 3, 2021.  Defendants contend that Plaintiffs' Motion should be denied because the court lacks subject matter jurisdiction over Plaintiffs' claims under the APA and Mandamus Act. Defendants alternatively contend that, even if the court has jurisdiction, Plaintiffs' Motion should be denied because they cannot satisfy all of the requirements for injunctive relief.

The court agrees that it lacks subject matter jurisdiction over Plaintiffs' claims.  Its analysis, therefore, focuses on this issue rather than the parties' arguments as to whether Plaintiffs have satisfied all of the requirements for injunctive relief in the form of a TRO.

**II.     Legal Standard**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited

jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citation omitted). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

**III.    Discussion**

Plaintiffs allege in their Complaint that the court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and the Mandamus Act, 28 U.S.C. § 1361. Plaintiffs further allege that the court has authority to grant the relief requested under the Mandamus Act; the DJA, 28 U.S.C. § 2201; and the APA, 5 U.S.C. § 702. Pls.' Compl. ¶¶ 1-4. In addition, Plaintiffs assert in their Motion that the court has authority under the All Writs Acts, 28 U.S.C. § 651(a) to preserve its jurisdiction over their claims and the relief sought by them in this action.

In a prior case involving substantially similar claims and relief sought by a plaintiff under the Mandamus Act, All Writs Act, DJA, and APA, the undersigned concluded that it lacked subject matter jurisdiction over the claims. *Bian v. Rice*, No. 3:08-CV-1651-L, 2009 WL 857388, *2 (N.D. Tex. Mar. 27, 2009). The court further concluded that, because the plaintiff in *Bian* had not pleaded any other independent claim, the DJA and All Writs Act did not provide a basis for jurisdiction. *Id.* Consequently, the court dismissed without prejudice the action for lack of jurisdiction, and Bian appealed.

The Fifth Circuit affirmed based on its determination that I-485 applicants do not possess "a 'clear and certain' right to have [their] I-485 application[s] adjusted within [a certain number of days] of [the application's] filing—or that the USCIS has a 'plainly prescribed' duty to process the application within [a set] time frame." *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010). The Fifth Circuit, therefore, concluded "that the district court lacked jurisdiction to consider Bian's claim, as Congress has expressly precluded judicial review of the USCIS's pace of adjudication when the agency acts within its discretion and pursuant to the regulations that the agency deems necessary for carrying out its statutory grant of authority."

While this decision by the Fifth Circuit was subsequently vacated when motions to dismiss the appeal as moot were filed, the undersigned finds this well-reasoned decision persuasive. *See Melot v. Bergami*, 970 F.3d 596, 599 n.11 (5th Cir. 2020) (finding persuasive a "thoughtful opinion" from the Tenth Circuit "although [that opinion was] vacated as moot on rehearing"). Based on the reasoning in *Bian*, the court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims and request for relief in this case, which must be dismissed without prejudice, because, absent jurisdiction, the court has no authority to grant the relief sought by Plaintiffs in their Motion or Complaint.

## IV. Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over Plaintiffs' claims and the relief sought by them in connection with their immigration applications pending before the USCIS. The court, therefore, **dismisses without prejudice** this action for lack of jurisdiction and declines to address Plaintiff's Motion (Doc. 2), as it has no authority to do so.

**It is so ordered** this 2nd day of December, 2021.

Sam A. Lindsay
United States District Judge